Ruby L. Powers
Texas Bar No. 24057581
Powers Law Group
1311 Enid Street
Houston, Texas 77009
Ruby@RubyPowersLaw.com

## UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF TEXAS, LUFKIN DIVISION

| | |
|---|---|
| **CELIA MUNOZ ROJO** and<br>**JOSE MANDERA MUNOZ**<br><br>　　　Plaintiffs,<br><br>　　　**v.**<br><br>**UNITED STATES OF AMERICA**<br><br>**ANTONY BLINKEN,**<br>**SECRETARY OF U.S. DEPARTMENT**<br>**OF STATE;**<br><br>**DAMIEN DIGGS,**<br>**U.S. ATTORNEY OF EASTERN**<br>**DISTRICT COURT OF TEXAS;**<br><br>**RENA BITTER,**<br>**AST. SECRETARY OF CONSULAR**<br>**AFFAIRS**<br><br>**MERRICK GARLAND,**<br>**ATTORNEY GENERAL OF THE U.S.**<br><br>**UR M. JADDOU, DIRECTOR OF U.S.**<br>**CITIZENSHIP AND IMMIGRATION**<br>**SERVICES (USCIS),**<br><br>　　　Defendants. | **CASE NO:   9:23-cv-150**<br><br>**PLAINTIFFS' COMPLAINT**<br>**FOR INJUNCTIVE AND**<br>**MANDAMUS RELIEF**<br><br>Agency Doc. No. 067-152-358 |

## INTRODUCTION

1. Plaintiffs Celia Munoz Rojo (a United States lawful permanent resident) and her son, Jose Mandera Munoz (a citizen of Mexico), bring this mandamus action to compel Defendants to complete the adjudication of their I-130, Petition for Alien Relative, pending since May 24, 2021. The delay is unreasonable as a matter of law.

2. Ms. Munoz Rojo's son was born to her and her husband during their marriage. On February 20, 2020, Ms. Munoz Rojo filed an I-130 petition, the first step in the process for Mr. Mandera Munoz to emigrate from Mexico to the United States and obtain permanent-resident status. Since Mr. Mandera Munoz was unmarried, under 21 years old, and residing in Mexico, Ms. Munoz Rojo filed the I-130 petition for a Child of a Legal Permanent Resident with USCIS to seek a F2A visa preference category for her son. *See* **Exhibit A**.

3. On February 27, 2020, USCIS issued Plaintiffs an I-130 Receipt Notice correctly indicating Mr. Mandera Munoz's Beneficiary's Preference Classification as 203 A2A INA, Minor Child of LPR. However, on May 24, 2021, USCIS issued Plaintiffs an I-130 Approval Notice indicating the petition was approved under 203(a)(2)(B) INA, Unmarried Son or Daughter (21 or older) of LPR. USCIS erroneously processed Plaintiff's I-130 under the F2B category rather than the F2A category. *See* **Exhibit B**.

4. Plaintiffs have contacted USCIS, NVC, and the American Immigration Law Association (AILA) from August 2021 through July 2023 to seek assistance in adjudicating the I-130 in the correct visa preference category.

5. On January 11, 2023, USCIS indicated in an email that that it had updated the visa preference category from F2B to F2A on the Form I-130 Petition, and had transmitted the case to the NVC for next steps. However, NVC claims it had returned the petition to USCIS for administrative action, and that the petition was no longer at the NVC.

6. Ms. Munoz Rojo and her son are prejudiced by the undue delay in the processing of this petition. Ms. Munoz was diagnosed with stage IV bone cancer on January 30, 2023. On February 2, 2023, Ms. Munoz Rojo kindly requested that the NVC expedite the Beneficiary's process for humanitarian reasons due to her cancer diagnosis. However, the NVC maintained that the petition remained with USCIS. Mr. Mandera cannot move forward with the consular processing of his immigration visa in Mexico because both USCIS and NVC claim Plaintiffs' I-130 application remains with the other agency. Both agencies are aware of this, but both fail to properly adjudicate Plaintiffs' Form I-130 petition.

7. USCIS and the NVC's refusal to timely adjudicate Plaintiffs' Form I-130 petition is a violation of the agencies' mandatory duty under the Immigration and Nationality Act and the Administrative Procedure Act.

## JURISDICTION AND VENUE

8. This action arises under the United States Constitution, the matter in controversy arises under the laws of the United States pursuant to 28 U.S.C. § 1346(a)(2), and the United States is a Defendant.

9. This Court has jurisdiction over this petition for a Writ of Mandamus under 28 U.S.C. § 1331, 28 U.S.C. § 2201, the Administrative Procedures Act (APA), 5 U.S.C. §§ 555(b), 701 et. Seq., 701(a)(2), 706(1), and the Mandamus Act, 28 U.S.C.§ 1361.

10. Venue is proper in the Eastern District of Texas 28 U.S.C. §§ 1391(b)(2) and (e) in Angelina County where Plaintiff Celia Munoz Rojo resides. Plaintiff seeks adjudication of her I-130 Petition for Alien Relative pursuant to 8 C.F.R. §§ 204.1, 204.2(d) in Lufkin, Texas.

11. Venue is also proper in this District under 28 U.S.C. § 1391(e) because substantial part of the events and omissions giving rise to the claim occurred in this district, and because Defendants operate within this district.

## PARTIES

12. Plaintiff Celia Munoz Rojo is a U.S. lawful permanent resident and the mother of the Beneficiary, Joe Madera Munoz. The Form I-130, Petition for Alien Relative filed on behalf of Ms. Munoz Rojo's son has been pending with USCIS and NVC since May 24, 2021. Ms. Munoz Rojo resides in Lufkin, Texas.

13. Plaintiff Jose Madera Munoz is the son of Ms. Celia Munoz Rojo and the beneficiary on the I-130 petition filed by his mother on his behalf and pending since May 24, 2020. Mr. Madera Munoz resides in Mexico.

14. Defendant, Anthony Blinken is sued in his official capacity as the Secretary of U.S. Department of State. In this capacity, he is responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1104.

15. Defendant, Damien Diggs is sued in his official capacity as the U.S. Attorney for the Eastern District Court of Texas. In this capacity, he is responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1104(a)(b).

16. Rena Bitter, is sued in her official capacity as the Assistant Secretary of Consular Affairs. In this capacity, she is responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1104(b).

17. Defendant, Merrick Garland is sued in his official capacity as the Attorney General of the United States. In this capacity, he is responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103(g).

18. Defendant, Ur M. Jaddou is sued in her official capacity as the Director of the U.S. Citizenship and Immigration Services. In this capacity, she is responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1104(a)(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. No exhaustion of remedy requirement applies to the Plaintiffs' complaint. Nonetheless, on numerous occasions, Plaintiffs attempted to inquire as to the status of her I-130, Petition for Alien Relative.

20. Plaintiffs began inquiring about the above-referenced case around August 2021 when Ms. Munoz Rojo filed an inquiry with CIS Ombudsman.

21. On September 7, 2021, Plaintiff Celia Munoz Rojo submitted her first congressional assistance after her Form I-130, Petition for Alien Relative filed on behalf of her son had been pending for over a year.

22. In January 2023, Ms. Munoz Rojo inquired about the status of her pending I-130 application with USCIS, and in February 2023, she inquired with NVC. As of July 2023, USCIS claims it transmitted the petition to the NVC while the NVC claims it returned the petition to USCIS for administrative action.

## FACTUAL ALLEGATIONS

*23.* Plaintiff Ms. Celia Munoz Rojo is a lawful permanent resident (LPR) status holder who has remained in status since November 08, 2019. She filed a Form I-130, Petition for Alien Relative for her son, Jose Alfredo Madera Munoz, and paid the applicable adjustment of status fees. Mr. Madera Munoz (DOB: 03/06/1999) is a citizen and native of Mexico. Because Mr. Madera Munoz was unmarried and residing in Mexico, Ms. Munoz Rojo filed the Form I-130 application for a Child of a Legal Permanent Resident with USCIS under F2A visa category. Mr. Madera Munoz turned 21 years old in March of 2020, a month after the filed I-130 petition. ***See* Exhibit A**.

24. Plaintiff Munoz Rojo filed her Form I-130 before Plaintiff Madera Munoz turned 21, so the Child Status Protection Act (CSPA) protected him from "aging out" of the F2A category. Plaintiff Madera Munoz is still unmarried. Under CSPA, Plaintiff Madera Munoz remains classified as a "child" even beyond his 21st birthday because his "CSPA age" was calculated at the time Plaintiff Munoz Rojo filed the Form I-130 Petition on his behalf. ***See* Exhibit C**.

25. When Plaintiff Munoz Rojo filed her Form I-130 Petition on her son's behalf in February 2020, the Final Action Date for Family-Sponsored Preference cases for F2A category was Current ("C") for Mexico on the Visa Bulletin. However, the F2B category for Mexico was 15 September 1998, at that time. ***Id.***

26. On May 24, 2021, USCIS approved Plaintiffs' I-130 Petition under the wrong category (F2B), and informed Plaintiffs that it had transferred the petition to DHS for consular processing. In addition, on May 28, 2021, USCIS notified Plaintiff in an email that it had

forwarded Plaintiff's case to the Department of State for Consular visa processing. *See* **Exhibit A**.

27. However, on July 26, 2021, the National Visa Center (NVC) notified Plaintiffs that it did not issue the requisite fee bills to begin the consular process because there was no visa available. NVC classified the Beneficiary as over 21 in the F2B category based on USCIS's I-130 approval notice. *See* **Exhibit D**.

28. On August 2, 2021, Plaintiffs submitted an e-request to the Department of State's Office of Citizenship and Immigration Services (CIS) Ombudsman, ID # SR1214211641TSC to request correction to the Beneficiary's preference category from F2B to F2A. Plaintiff's counsel also contacted USCIS via phone call on the same day. *Id.*

29. On August 4, 2021, Plaintiff submitted an inquiry to CIS Ombudsman, Request #: 202116020. CIS Ombudsman responded on August 25, 2021 stating that it reviewed the case, contacted USCIS, and would notify Plaintiff's counsel with information it receives from USCIS. *Id.*

30. On August 31, 2021, CIS Ombudsman responded to Plaintiffs indicating that USCIS senior officer reviewed Plaintiffs' I-130 petition and found that the CSPA applied to U.S. Citizen I-130 petition only and did not apply to LPR I-130 petitions. And that since the Beneficiary was over 21 at the time of approval, Plaintiffs' I-130 petition and category was updated to reflect his current age. *Id.*

31. On September 3, 2021: Plaintiffs' legal team replied to CIS Ombudsman that the USCIS's interpretation of CSPA was under-inclusive and inaccurate because the language of the text stated that CSPA applied to LPR I-130 petitioners as well as U.S. Citizen petitioners. CIS Ombudsman responded that it would forward the CSPA interpretation challenge to USCIS. *See* **Exhibit E**.

32. Plaintiff Celia Munoz Rojo also filed a Congressional Inquiry with U.S. Representative Louie Gohmert's office on September 3, 2021, in which she summarized USCIS's interpretation of CSPA. *Id.*

33. On October 18, 2021, Plaintiffs contacted AILA via email regarding USCIS's interpretation of CSPA. *Id.*

34. On March 8, 2022, CIS Ombudsman closed Plaintiffs' case, 202116020. *See* **Exhibit F**.

35. On April 15, 2022, Plaintiff Celia Munoz Rojo submitted a DHS request for case assistance. She contacted CIS Ombudsman again on April 18, 2022 to request assistance with her case, Request # 2022037914. CIS responded that the petition had been returned to the NVC and so USCIS no longer had the petition. *Id.*

36. On October 19, 2022, CIS Ombudsman notified Plaintiff Celia Munoz Rojo that CIS sent a follow-up to USCIS regarding the CSPA interpretation and was waiting for USCIS's response. *Id.*

37. Then on December 12, 2022, NVC notified Plaintiff Jose Mandera Munoz that it had updated his beneficiary immigrant visa application. ***See* Exhibit G**.

38. Eventually on January 11, 2023, USCIS updated Mr. Mandera Munoz's visa preference category from F2B to F2A, after almost two years of challenging USCIS's erroneous approval of Plaintiffs' I-130 under F2B, the wrong category. ***Id.***

39. However, upon request for status update on January 18, 2023, the NVC again stated that it does not have the Plaintiffs' petition because it had transferred it to the USCIS. On January. 31, 2023, Plaintiff Ms. Munoz Rojo was diagnosed with stage IV bone cancer. ***Id.***

40. Following her cancer diagnosis, on February 2, 2023, Ms. Munoz Rojo requested that NVC expedite her pending I-130 Petition on behalf of her son for humanitarian reasons. NVC responded on the same day and maintained that the petition is with USCIS and not NVC. Ms. Munoz Rojo replicated her expedite request with USCIS, but USCIS too maintained that the petition was with NVC and not with USCIS. ***See* Exhibit H**.

41. Again, on February 3, 2023, the NVC notified Ms. Munoz Rojo that it had returned the petition to USICS already. But a few days later on February 9, 2023, USCIS notified Ms. Munoz Rojo again that NVC has the petition. On February 23, 2023, she submitted a NVC public inquiry, but only received the same response: "the petition was returned to USCIS for administrative action." ***Id.***

42. As of July 5, 2023, NVC maintained the petition is no longer at the NVC because it returned the petition to USCIS for administrative action. ***Id.***

## CLAIMS FOR RELIEF

43. Plaintiffs reallege and incorporate by reference paragraphs above as though set forth here.

44. Plaintiffs have no other adequate remedy available to them to compel Defendants to adjudicate their Form I-130 application.

45. Pursuant to 5 U.S.C. § 706(1)(A), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

46. The Mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff see 28 U.S.C. § 1361.

47. Defendants owe to Plaintiff the duty to act on their Petition for Alien Relative application.

48. Defendants have failed to exercise this duty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

49. Assume jurisdiction over this action;

50. Issue a Writ of Mandamus compelling Defendants to adjudicate Plaintiffs' I-130, Petition for Alien Relative and make a decision in Plaintiff Celia Munoz Rojo's I-130 petition on behalf of her son under his CSPA age, or find that the adjudication of Plaintiff's application has been inordinately delayed.

51. Award Plaintiff's reasonable costs and attorney's fees; and

52. Award such further relief as the Court deems just and proper.

Respectfully submitted,
Dated: August 30, 2023

Ruby Powers,
Attorney for Plaintiffs

Ruby L. Powers, Esq.
Bar No. 24057581
Powers Law Group
1311 Enid Street
Houston, Texas 77009
(713) 589-2085 (Tel)
(713) 589-3101 (Fax)
Ruby@rubypowerslaw.com (Email)